IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY WRIGHT,

Plaintiff,

v.

JUDGE GALEN BAYNE-ALLISON, JASON MEISTER, SERGEANT JODI WILHELM, SERGEANT MIKE, LINCOLN COUNTY JAIL AND LINCOLN COUNTY SHERIFF, MAC HOME—MERRILL COMMUNITY HOMELESS SHELTER, LINCOLN COUNTY PUBLIC DEFENDERS AND BAYLEY WALLER, NICK HOFT, MICHELLE M. LIVINGSTON, COUNTY OF LINCOLN IN MERRILL, WISCONSIN, and THE PEOPLE OF WISCONSIN, STATE OF WISCONSIN,

Defendants.

ORDER

26-cv-961-jdp

---

Plaintiff Jeffrey Wright, representing himself, seeks relief under 42 U.S.C. § 1983. Dkt. 1. This order provides Wright guidance on how to properly submit his claims for this court's review.

This court provides prisoners seeking to file suit a prisoner complaint package that includes a complaint form and instructions on filing a prisoner complaint in federal court. Filing a complaint on the form is not mandatory in every prisoner case, but the court has discretion to order prisoners to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

Wright's complaint is excessively long and disorganized, and it asserts numerous claims against multiple defendants based on separate events. Attempting to set forth the allegations supporting any potential claims would unduly strain the court's resources and possibly divert it from its role as a neutral decisionmaker. The court must construe Wright's allegations generously, but it cannot construct his claims for him.

The better approach is to order Wright to file an amended complaint on the court's prisoner complaint form, which it will send him with this order. If Wright needs more space to allege his claims, he may submit no more than five (5) supplemental pages. Any text or handwriting on the form or a supplemental page must not be excessively small and must contain adequate spacing between lines to ensure legibility. Wright's complaint, as drafted, generally meets this standard, but he must refrain from using narrower spacing between his sentences in the amended complaint. The amended complaint must not contain footnotes.

In drafting the amended complaint, Wright should be mindful that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Wright's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Wright should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Wright should identify the claims he wishes to allege in the amended complaint but omit any legal arguments. Wright may, if he wishes, attach exhibits to the amended complaint, but he may not incorporate by reference any content from those exhibits.

Wright should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Wright must explain what each defendant did, or failed to do, that

violated his rights. If there are multiple defendants, Wright should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that Wright believes supports a claim, he should identify each defendant who took that action. Wright also should identify by full name or title in the case caption of his amended complaint each individual whom he wishes to sue.

## ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Wright has until November 20, 2026, to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. If plaintiff moves while this case is pending, he must inform the court of his new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

5. The clerk of court is directed to send plaintiff a copy of the prisoner complaint package.

Entered October 21, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge